Lauren S. Wulfe (SBN 287592)
Lauren.Wulfe@arnoldporter.com
Kristina Iliopoulos (SBN 341548)
Kristina.Iliopoulos@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017
Telephone:  213-243-4000
Facsimile:  213-243-4199

Attorneys for Defendant ALTRIA GROUP, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.:  2:23-cv-3962 |
| | **ALTRIA GROUP, INC.'S NOTICE OF REMOVAL** |
| *San Diego County Office of Education Unified School District*, | |
| Plaintiff, | |
| v. | |
| *JUUL LABS, INC., f/k/a PAX LABS, INC. and PLOOM INC; ALTRIA GROUP INC.; PHILIP MORRIS USA INC.; ALTRIA CLIENT SERVICES LLC; ALTRIA GROUP DISTRIBUTION COMPANY, JAMES MONSEES; ADAM BOWEN; NICHOLAS PRITZKER; HOYOUNG HUH; RIAZ VALANI and DOES 1-100,* | |
| Defendants. | |

ALTRIA GROUP, INC.'S NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Altria Group, Inc. ("Altria Group") hereby gives notice of removal of this action, captioned *San Diego County Office of Education Unified School District v. JUUL Labs, Inc. et al.*, Case No. 37-2020-00018393-CU-MT-CTL, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California on the following grounds:

## BACKGROUND

**I.    THIS ACTION**

1.    Plaintiff *San Diego County Office of Education Unified School District* ("Plaintiff"), originally filed this action on June 3, 2020 in the Superior Court of the State of California, County of San Diego against Defendant JUUL Labs Inc. ("JLI"). This case was subsequently transferred to the Superior Court of the State of California, County of Los Angeles. Neither Altria Group nor any of its subsidiaries was named as a defendant in that complaint.  The original complaint alleged only state causes of action, was not removable, and remained in the state court.

2.    The case was added to a California Judicial Council Coordination Proceeding ("JCCP") designated as JCCP No. 5052.

3.    On May 10, 2023, Plaintiff filed a Third Amended Complaint that added Altria Group as a party to the action (the "Amended Complaint").  The Amended Complaint also added as defendants several Altria Group subsidiaries:  Philip Morris USA Inc., Altria Client Services LLC, and Altria Group Distribution Company.  *See* Am. Compl. ¶¶ 22–28.  [Ex. 1].  Further, Plaintiff's Amended Complaint added a new cause of action under federal law for violation of 18 U.S.C. § 1962(c) ("RICO").  *See* Am. Compl. ¶¶ 765–894  [Ex. 1].

4.    The Amended Complaint also asserts causes of action for public nuisance and negligence under state law.  *See, e.g.*, Am. Compl.  ¶¶ 739–764, 895–919 [Ex. 1].

5.      Plaintiff served Altria Group with process on May 16, 2023.[1]  Plaintiff served Philip Morris USA Inc., Altria Client Services LLC, and Altria Group Distribution Company on May 16, 2023, as well.  This notice is timely filed under 28 U.S.C. § 1446(b).

6.      Removal is proper pursuant to 28 U.S.C. § 1331 because this Court has subject matter jurisdiction over federal questions.

**II.      ONGOING MULTIDISTRICT PROCEEDINGS**

7.      On October 2, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order that transferred lawsuits concerning the development, manufacture, labeling, marketing, and alleged risks of products manufactured by JLI to the Northern District of California for assignment to the Honorable William H. Orrick III for coordinated and consolidated pretrial proceedings. Transfer Order, *In re: JUUL Labs, Inc., Mktg., Sales Practices, and Products Liab. Litig.*, MDL No. 2913 (J.P.M.L. Oct. 2, 2019), ECF No. 144.

8.      Hundreds of actions raising factual issues similar to those raised in this case have already been transferred by the JPML to MDL No. 2913 from courts around the country, and thousands of additional cases have been filed directly in the MDL. These actions include cases brought by governmental entities and school districts, like plaintiff here.

9.      In view of the substantial factual overlap between this action and the thousands of actions that have already been transferred and consolidated, Altria Group intends to notify the JPML that this is another "tag-along" action that should be transferred to the Northern District of California for inclusion and coordination with MDL No. 2913.

---

[1] Service of process was made pursuant to JCCP 5052 Case Management Order No. 2, under which defendants waived formal service of process provided the plaintiff satisfies certain requirements, including providing copies of the Complaint, Summons, and the Civil Cover Sheet to defendants via specially designated service email addresses.

ALTRIA GROUP INC.'S NOTICE OF REMOVAL

## VENUE AND JURISDICTION

### I.   VENUE

10.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391, 1441(a), and 1446(a) because the Superior Court of the State of California, County of Los Angeles, where the complaint was filed, is a state court within the Central District of California, Central Division.

### II.   THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331

11.   Removal is proper pursuant to 28 U.S.C. § 1331, and, accordingly, is removable under 28 U.S.C. § 1441(a), because this Court has subject matter jurisdiction over federal questions and Plaintiff's claims raise a substantial question of federal law.

12.   Plaintiff's second cause of action alleges violations under the RICO statute, 18 U.S.C. § 1962(c). *See* Am. Compl. ¶¶ 765–894 [Ex. 1]. It is well established that a RICO claim "is one 'arising under the laws of the United States' [and] falls within the district court's original jurisdiction and is thus removable pursuant to section 1441(a)." *Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1196 (9th Cir. 1988); *see also, Fox v. HCA Holdings, Inc.*, 2015 WL 6744565 at *6 (N.D. Cal. Nov. 4, 2015) (observing, "[t]he Court has subject matter jurisdiction over RICO claims. *See* 28 U.S.C. § 1331; 18 U.S.C. § 1964(a)."). It is apparent from the face of the complaint that Plaintiff asserts a claim under federal law pursuant to 18 U.S.C. § 1962(c).

13.   Additionally, this Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367, as Plaintiff's allegations arise from and are part of the same case or controversy as the federal question. A district court exercises supplemental jurisdiction "over all other claims that are so related to claims in the

ALTRIA GROUP INC.'S NOTICE OF REMOVAL

action within such original jurisdiction that they form the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

14.    Accordingly, this Court has original jurisdiction over the civil RICO claims under 28 U.S.C. § 1331 and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, and may remove this matter under 28 U.S.C. § 1441(a) and (c).

## III.    THE ADDITIONAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

15.    This removal is timely in that it is being filed within 30 days after service. *See* 28 U.S.C. §1446(b).

16.    All Defendants consent to removal of this action.

17.    As required under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the underlying state court action are attached hereto as Exhibits 1 and 2. Exhibit 1 includes a copy of the docket, summons, complaint, and other documents specific to *San Diego County Office of Education Unified School District v. JUUL Labs, Inc. et al*. Exhibit 2 includes Case Management Orders, Pro Hac Vice papers, and other documents filed in JCCP 5052.

18.    Pursuant to 28 U.S.C. § 1446(d), Altria Group will give written notice of the filing of this Notice of Removal to all parties of record in this matter and will file a copy of this Notice with the clerk of the state court in which this action was filed.

19.    By filing this Notice of Removal, Altria Group does not waive, and hereby expressly reserves, any and all objections to venue, personal jurisdiction, the sufficiency of service of process, the legal sufficiency of the claims alleged in the plaintiff's complaint, and all other objections and defenses.  Altria Group further reserves the right to supplement and amend this Notice.

## CONCLUSION

WHEREFORE, having met all conditions of removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Altria Group hereby removes this action from the Superior Court

ALTRIA GROUP INC.'S NOTICE OF REMOVAL

of the State of California, County of Los Angeles, to this Court, and respectfully requests that no further proceedings be had in state court.

Dated:  May 23, 2023                    ARNOLD & PORTER KAYE SCHOLER LLP


By:  /s/ *Kristina Iliopoulos*
                                        Kristina Iliopoulos (SBN 341548)
                                        Lauren S. Wulfe (SBN 287592)


Attorneys for Defendant ALTRIA GROUP, INC.